IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-02206-RM-KLM

BRIGHTSPEED OF VIRGINIA, LLC, CENTURYLINK OF
FLORIDA, INC, BRIGHTSPEED OF WEST MISSOURI, INC.,
CENTURYLINK OF MINNESOTA, INC., BRIGHTSPEED OF
KANSAS, INC., BRIGHTSPEED OF INDIANA, LLC,
BRIGHTSPEED OF OHIO, INC., UNITED TELEPHONE
COMPANY OF THE NORTHWEST, doing business as
CenturyLink, and QWEST CORPORATION, doing business as
CenturyLink,

           Plaintiffs and Counterclaim Defendants,

v.

AT&T CORP., NEW CINGULAR WIRELESS SERVICES,
INC., AT&T MOBILITY, LLC, NEW CINGULAR WIRELESS
PCS, LLC, SBC LONG DISTANCE, LLC, and TELEPORT
COMMUNICATIONS GROUP, INC.,

           Defendants and Counterclaim Plaintiffs.

---

## REPLY IN SUPPORT OF AT&T'S MOTION TO TRANSFER

---

Paul R. Franke, III
Patrick J. Hickey
MOYE WHITE LLP
1400 16th Street, 6th Floor
Denver, CO 80202
Telephone: (303) 292-2900
Email: paul.franke@moyewhite.com
      patrick.hickey@moyewhite.com

Scott H. Angstreich
Thomas Schultz
Samuel Martin
Clayton J. Masterman
KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Email: sangstreich@kellogghansen.com
      tschultz@kellogghansen.com
      smartin@kellogghansen.com
      cmasterman@kellogghansen.com

*Attorneys for Defendants and Counterclaim Plaintiffs*

November 10, 2022

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................................................... ii

INTRODUCTION ........................................................................................................................... 1

ARGUMENT ................................................................................................................................... 2

I.      The Forum-Selection Clause in the Parties' Agreement Required Lumen To
File This Suit in a New York Federal Court ........................................................................ 2

II.     Lumen's Complaint Is a "Legal Proceeding . . . Relating to" the Parties'
Agreement and Lumen Has Not Shown That Enforcement Is Unreasonable ..................... 5

III.    AT&T Did Not Delay in Moving To Transfer ................................................................... 7

IV.    This Court's Likely Lack of Personal Jurisdiction Over All the Parties to the
Complaint Also Supports Transfer ...................................................................................... 8

CONCLUSION ................................................................................................................................ 9

# TABLE OF AUTHORITIES

Page

## CASES

*Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49
(2013) .................................................................................................................................6

*Barnhart v. Thomas*, 540 U.S. 20 (2003)........................................................................................4

*CMG Worldwide, Inc. v. Upper Deck Co.*, 2008 WL 4690983
(S.D. Ind. Oct. 22, 2008) ...................................................................................................7

*Cottman Ave. PRP Grp. v. AMEC Foster Wheeler Env't Infrastructure Inc.*,
439 F. Supp. 3d 407 (E.D. Pa. 2020) .................................................................................6

*Elliot Coal Mining Co. v. Dir., Off. of Workers' Comp. Programs*,
17 F.3d 616 (3d Cir. 1994)..................................................................................................4

*Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318 (10th Cir. 1997)..................................6

*Facebook, Inc. v. Duguid*, 141 S. Ct. 1163 (2021) ........................................................................4

*Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017 (2021) .......................................9

*Huber v. Granby Realty Holdings, LLC*, 2019 WL 2299799
(D. Colo. May 30, 2019).....................................................................................................3

*Jockey Int'l, Inc. v. M/V "Leverkusen Express"*, 217 F. Supp. 2d 447
(S.D.N.Y. 2002) ..................................................................................................................8

*Laferte v. myFootpath, LLC*, 2014 WL 12591801 (C.D. Cal. July 18, 2014) ...............................7

*Lipper Holdings, LLC v. Trident Holdings, LLC*, 766 N.Y.S.2d 561
(App. Div. 1st Dep't 2003) ..................................................................................................3

*MPVF Lexington Partners, LLC v. W/P/V/C, LLC*, 148 F. Supp. 3d 1169
(D. Colo. 2015) ...................................................................................................................7

*Overhauser v. United States*, 45 F.3d 1085 (7th Cir. 1995) ..........................................................4

*Power Auth. of N.Y. ex rel. Solar Liberty Energy Sys., Inc. v. Advanced
Energy Indus., Inc.*, 2021 WL 4244280 (W.D.N.Y. Aug. 23, 2021)...................................8

*Raima, Inc. v. Myriad France, SAS*, 2012 WL 6201709
(W.D. Wash. Dec. 11, 2012)...............................................................................................6

*Remsen Funding Corp. v. Ocean W. Holding Corp.*, 2007 WL 3254403
(S.D.N.Y. Nov. 1, 2007) ........................................................................................2

*Serv. Team of Pros., Inc. v. Folks*, 2018 WL 2051516 (W.D. Mo. May 2, 2018) ..........................7

*Shrader v. Biddinger*, 633 F.3d 1235 (10th Cir. 2011) ..................................................8

*Sutton v. E. River Sav. Bank*, 435 N.E.2d 1075 (N.Y. 1982) ..........................................3

*United States v. Hayes*, 555 U.S. 415 (2009) ..........................................................4

*Woods v. Christensen Shipyards, Ltd.*, 2005 WL 5654643
(S.D. Fla. Sept. 23, 2005) ..................................................................................8

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*,
433 F.3d 1199 (9th Cir. 2006) ............................................................................9

## INTRODUCTION

The Court should transfer this case to the Southern District of New York.  AT&T and Lumen agreed that "[a]ny legal proceeding . . . relating to" the Agreement must be filed in federal or state court in New York.  Plaintiffs do not dispute that their Complaint falls within the "relating to" clause or that the forum-selection clause is mandatory.  Instead, they argue that an absent comma means that AT&T and Lumen agreed to be sued — and consented to personal jurisdiction — in *every federal court nationwide*, but at the same time limited the available state court fora to those in the New York City metropolitan area.  But the grammatical rule they cite to support this implausible interpretation is not absolute and is easily overcome by context, which points to New York as the designated federal *or* state court forum.  Nor are Plaintiffs correct that their allegation that the Agreement terminated renders the forum-selection clause unenforceable. The out-of-circuit cases they cite — to the extent they are relevant at all — support AT&T, as does the strong presumption in favor of enforcing mandatory forum-selection clauses.

Deciding this motion before the litigation proceeds further is important to effectuate the intent of the parties to the Agreement.  Plaintiffs do not dispute that the Court should decide the motion to transfer before ruling on AT&T's preliminary injunction motion.  The Court now has sufficient time to do so.  Although Lumen initially set December 5, 2022 as the threatened circuit disconnection date, Lumen has since agreed not to disconnect any circuits until either this Court or a court in the Southern District of New York rules on the preliminary injunction motion.[1]

---

[1] *See* AT&T's Unopposed Mot. To Expedite Briefing at 3 (ECF No. 39) ("Lumen's counsel has informed AT&T's counsel that Lumen will not disconnect circuits until this Court and/or the Southern District of New York court has ruled on the pending motions.").  Lumen's counsel reviewed and approved this language before AT&T filed the unopposed motion.

**ARGUMENT**

**I.    The Forum-Selection Clause in the Parties' Agreement Required Lumen To File This Suit in a New York Federal Court**

The Agreement's mandatory forum-selection clause required Lumen to file its complaint in federal court in the New York, New York metropolitan area if possible:

> Any legal proceeding arising out of, or relating to this Agreement, will be brought in a United States District Court, or absent federal court jurisdiction, in a state court of competent jurisdiction in the location New York, New York metropolitan area.

Agreement § 11.  The only reasonable interpretation of that clause is that "in the location New York, New York metropolitan area" modifies both "a United States District Court" and "in a state court of competent jurisdiction," and establishes where a "legal proceeding arising out of, or relating to" the contract "will be brought."  Therefore, because complete diversity exists between the parties to the suit, Lumen had to file its complaint in a federal court in the New York, New York metropolitan area.

That reading of the clause accords with the parties' decision — in the immediately preceding sentence of the same section — that "[t]his Agreement will be governed by the laws of New York."  *Id.*  While parties may agree that the law of one jurisdiction will govern disputes that must be filed in another, a choice-of-law provision provides evidence useful in interpreting a forum-selection clause.  *See*, *e.g.*, *Remsen Funding Corp. v. Ocean W. Holding Corp.*, 2007 WL 3254403, at *3 (S.D.N.Y. Nov. 1, 2007) (relying on "a New York choice of law clause" to provide relevant "context" to "the forum selection clause" and interpreting "the phrase 'Southern District Federal Courts'" to mean the Southern District of New York).  And the choice of New York federal and state courts is also consistent with the fact that AT&T Corp. is a New York

corporation with its principal place of business in the New York metropolitan area.  Compl. ¶ 15;
*cf. Huber v. Granby Realty Holdings, LLC*, 2019 WL 2299799, at *6 (D. Colo. May 30, 2019)
(finding it reasonable to enforce a forum-selection clause that required parties to litigate in the
same geographic area as the defendant's principal place of business).

   Plaintiffs' contrary interpretation — that the parties agreed that suits could be filed in *any*
federal district court, but *only* in state courts in the New York metropolitan area — is
inconsistent with Section 11 as a whole, as well as common sense.  That interpretation also
attributes to the parties an absurd willingness to consent to personal jurisdiction in *every* district
court in the United States.  *See* Opp. at 17.  Plaintiffs cite no case in which parties used a forum-
selection clause to reflect an agreement to prefer a *generic* federal court — whether in Alaska,
Hawaii, Maine, Florida, or anywhere in between — over every state court, while channeling any
disputes where federal question and diversity jurisdiction are lacking to specific state courts.
And Plaintiffs' position violates the rule that, in interpreting the language of a forum-selection
clause, a court's goal "must be to accord the words of the contract their fair and reasonable
meaning." *Sutton v. E. River Sav. Bank*, 435 N.E.2d 1075, 1078 (N.Y. 1982) (cleaned up).  "A
contract should not be interpreted to produce a result that is absurd, commercially unreasonable,
or contrary to the reasonable expectations of the parties." *Lipper Holdings, LLC v. Trident
Holdings, LLC*, 766 N.Y.S.2d 561, 562 (App. Div. 1st Dep't 2003) (citations omitted).

   Plaintiffs do not argue, or provide any evidence suggesting, that either party's
contemporaneous intention when entering into the Agreement was to consent to be sued in
federal courts *nationwide*.  Instead, Plaintiffs rely on a *post hoc* "gotcha," based on the absence
of a comma before the words "in the location." *See* Opp. at 8.  The fact that another agreement

3

between the parties — entered into about five years earlier — contained the comma missing from this one suggests only that the omission here was a mere scrivener's error, rather than a deliberate choice.[2]  Reasonable parties do not consent to something so significant as nationwide personal jurisdiction by omitting a single punctuation mark.

Plaintiffs' only support for their reading comes from Third Circuit cases applying the "doctrine of the last antecedent" to statutory interpretation.  *See* Opp. at 7-8 (citing *Elliot Coal Mining Co. v. Dir., Off. of Workers' Comp. Programs*, 17 F.3d 616, 629 (3d Cir. 1994)).  But that doctrine is not as rigid as Plaintiffs suggest.  Instead, the last antecedent rule is "not an absolute and can assuredly be overcome by other indicia of meaning." *Barnhart v. Thomas*, 540 U.S. 20, 26 (2003); *see also Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1170 (2021) ("The rule of the last antecedent is context dependent.").  Here, the "other indicia" include that the parties chose New York law to govern disputes and that AT&T is a New York corporation with its principal place of business in the New York metropolitan area.  Those overcome the last antecedent rule, which would "require [the court] to accept [an] unlikely premise[ ]":  that the parties preferred every federal court to any state court and consented to nationwide personal jurisdiction.  *United States v. Hayes*, 555 U.S. 415, 425 (2009); *see id.* at 425-26 (adopting the "[m]ost sensibl[e] read[ing]" of a statute, rather than the reading the doctrine of the last antecedent supported).[3]

---

[2] Nor do Plaintiffs show that "the agreement was drafted by a grammarian or at least by someone knowledgeable about obscure rules of grammar," so the Court should not "consult[ ] a work of grammar [to] illuminate the meaning of the agreement."  *Overhauser v. United States*, 45 F.3d 1085, 1086-87 (7th Cir. 1995) (Posner, J.).

[3] Plaintiffs also suggest (at 8 n.6) that the clause would have read "absent the jurisdiction of such court" — referring to the Southern District of New York — rather than "absent federal

The Court should do the same here and construe "in the location New York, New York metropolitan area" in the Agreement's forum-selection clause to modify both "a United States District Court" and "state court of competent jurisdiction."  This construction establishing that federal or state courts in the New York, New York metropolitan area are where a legal proceeding involving the Agreement "will be filed" is the most sensible when considered in the context of the whole Agreement.

## II.   Lumen's Complaint Is a "Legal Proceeding . . . Relating to" the Parties' Agreement and Lumen Has Not Shown That Enforcement Is Unreasonable

As AT&T showed, a forum-selection clause that includes within its scope disputes "relating to" a contract (not merely those "arising out of" it) applies even if the plaintiff does not mention the contract in its complaint, so long as the defendant relies on the contract as a basis for its defense.  Mot. at 7.  AT&T also showed that the use of "will be brought" makes this forum-selection clause mandatory, rather than permissive.  *Id.* at 8-9.  Plaintiffs do not dispute either point.

Instead, Plaintiffs argue that the forum-selection clause cannot be enforced because the dispute arose — on *their* reading of the Agreement — after the Agreement expired.[4]  But federal law requires courts to enforce mandatory forum-selection clauses unless the party objecting to

---

court jurisdiction," if AT&T's interpretation were correct.  But both the Southern and Eastern Districts of New York and the District of New Jersey include parts of the "New York, New York metropolitan area" in their reach.  Because the entirety of the Southern District of New York is within the New York, New York metropolitan area, AT&T moved for transfer to that court.  But federal courthouses in Brooklyn and Newark were also available options.

[4] Plaintiffs are explicit (at 9 n.7) that, beyond arguing that the clause allows suit in any federal district court in the nation, they make no other interpretive arguments and challenge only the enforceability of the forum-selection clause.  Plaintiffs have therefore waived any other arguments they may have regarding the meaning of that clause.

enforcement demonstrates that doing so is unfair or unreasonable. *E.g.*, *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 321 (10th Cir. 1997); *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 66 (2013) ("In all but the most unusual cases, therefore, the interest of justice is served by holding parties to their bargain.") (cleaned up).

Plaintiffs do not try to carry that burden.  And the out-of-circuit cases Plaintiffs cite do not support their argument that the forum-selection clause here is unenforceable. *Raima, Inc. v. Myriad France, SAS*, for example, recognizes that a forum-selection clause in a terminated contract is enforceable if the case "involves facts and occurrences that arose before expiration," if "an action taken after expiration infringes a right that accrued or vested under the agreement," or if "the disputed contractual right survives the expiration of the remainder of the agreement." 2012 WL 6201709, at *6 (W.D. Wash. Dec. 11, 2012).  All three factors are present here. AT&T's first contract-based defense involves facts and occurrences that arose before the purported expiration of the Agreement — namely, the negotiation of other contracts meant to "run concurrently" with the Agreement and the signing of an amendment that extended all the contracts. *See* Mot. at 7-8; Countercls. ¶¶ 29-30.  And AT&T's second contract-based defense relies on Section 4.3, which explicitly confers post-termination rights that survive the expiration of the Agreement.  AT&T also alleged that Lumen's actions since the purported termination infringed on those accrued or vested rights. *See* Mot. at 8; Countercls. ¶¶ 35-38.

The other cases that Plaintiffs cite are not on point.  One concerned an indemnification clause, not a forum-selection clause. *See Cottman Ave. PRP Grp. v. AMEC Foster Wheeler Env't Infrastructure Inc.*, 439 F. Supp. 3d 407, 435 (E.D. Pa. 2020).  In another, the court found that the breach of contract claim concerned only a contract without a forum-selection clause. *See*

*CMG Worldwide, Inc. v. Upper Deck Co.*, 2008 WL 4690983, at *4 (S.D. Ind. Oct. 22, 2008).  In a third, the contract explicitly established that termination "will be without any liability or obligation of the terminating party, other than with respect to any breach of the Agreement prior to termination."  *Laferte v. myFootpath, LLC*, 2014 WL 12591801, at *2 (C.D. Cal. July 18, 2014).  No such language exists in the Agreement.  The last was a suit for a breach of a settlement agreement that had no forum-selection clause and explicitly released the parties from a prior contract that contained such a clause.  *See Serv. Team of Pros., Inc. v. Folks*, 2018 WL 2051516, at *3 (W.D. Mo. May 2, 2018).

In all events, Plaintiffs' extensive merits arguments (at 11-16) confirm that the "entire controversy centers around which party's interpretation of the contract is the correct one." *MPVF Lexington Partners, LLC v. W/P/V/C, LLC*, 148 F. Supp. 3d 1169, 1179 (D. Colo. 2015).[5] The parties agreed years ago that a court in the New York, New York metropolitan area would resolve such disputes.  The Court should transfer the case to effectuate the parties' agreement.

## III.    AT&T Did Not Delay in Moving To Transfer

Plaintiffs briefly assert (at 6) that AT&T delayed in filing its transfer motion.  That is baseless.  Because AT&T, at Lumen's request, waived service, AT&T had until November 25 to file its responsive pleading.  AT&T filed its answer and counterclaims — in which it raised the forum-selection clause as an affirmative defense[6] — and its motion to transfer on October 17, 2022.

---

[5] AT&T disagrees with Lumen's arguments for the reasons stated in its Motion for Preliminary Injunction (ECF No. 35) and forthcoming reply.

[6] AT&T's Answer at 9 (ECF No. 33) ("First Affirmative Defense[:] Lumen's claims relate to its Agreement with AT&T and, therefore, pursuant to the mandatory forum-selection

Courts have held that parties that raised forum-selection clauses far later in litigation — including after discovery is completed — did not waive their right to rely on those clauses.  *See, e.g.*, *Power Auth. of N.Y. ex rel. Solar Liberty Energy Sys., Inc. v. Advanced Energy Indus., Inc.*, 2021 WL 4244280, at *2 (W.D.N.Y. Aug. 23, 2021) (canvassing authority).  And because Plaintiffs improperly sued AT&T in this forum, AT&T "had a right to defend [itself]" — by filing a counterclaim and a preliminary injunction motion — "in the event the forum clause was not upheld without subjecting [itself] to waiver" of that clause.  *Jockey Int'l, Inc. v. M/V "Leverkusen Express"*, 217 F. Supp. 2d 447, 455 (S.D.N.Y. 2002); *see also Woods v. Christensen Shipyards, Ltd.*, 2005 WL 5654643, at *3 (S.D. Fla. Sept. 23, 2005) (holding that defendant did not waive right to raise forum-selection clause despite having agreed to entry of a consent preliminary injunction before moving to transfer).  AT&T's motion to transfer is timely.

## IV. This Court's Likely Lack of Personal Jurisdiction Over All the Parties to the Complaint Also Supports Transfer

As AT&T noted, the forum-selection clause ensures that the Southern District of New York will have personal jurisdiction over the entire lawsuit, while personal jurisdiction over all defendants in this Court is unclear.  *See* Mot. at 10.[7]  Plaintiffs, however, respond (at 17) that AT&T has not shown a lack of personal jurisdiction.  But Plaintiffs have the burden of pleading personal jurisdiction.  *See Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011).

---

clause in the Agreement, Lumen was required to file this Complaint in the Southern District of New York.").

[7] Lumen notes (at 18) that no court would have jurisdiction over "the entirety of this dispute," referring to parties it chose not to include as plaintiffs or defendants.  AT&T's point is merely that personal jurisdiction clearly exists in the Southern District of New York over all parties to the case Lumen chose to file.

Plaintiffs pleaded only a single personal jurisdiction paragraph, which alleges specific personal jurisdiction based on harms one plaintiff (Qwest Corporation) suffered arising out of its sales of Colorado circuits to AT&T.  That allegation is sufficient to establish specific personal jurisdiction as to *that* injury, because it "arise[s] out of or relate[s] to the defendant's contacts with" Colorado.  *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1026 (2021) (emphasis omitted).  But as the other plaintiffs' names make clear, they do no business — and suffered no injury — in Colorado.  The allegations about AT&T's actions in other states that allegedly harmed those plaintiffs in those other states do not give rise to specific personal jurisdiction here.  The flaw in Plaintiffs' allegations that AT&T identifies is not that "even more harm might have been suffered in another state."  *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1207 (9th Cir. 2006) (per curiam), *cited in* Opp. at 17-18.  It is that eight of the nine plaintiffs do not allege that they suffered *any* harm in Colorado.

AT&T is not asking the Court to rule on personal jurisdiction now.  Rather, AT&T simply notes that Lumen's pleading to date is insufficient to carry its burden on personal jurisdiction, while the Southern District of New York clearly has personal jurisdiction over all parties to this suit.

## CONCLUSION

The Court should grant the motion to transfer.

Dated: November 10, 2022

Paul R. Franke, III
Patrick J. Hickey
MOYE WHITE LLP
1400 16th Street, 6th Floor
Denver, CO 80202
Telephone: (303) 292-2900
Email: paul.franke@moyewhite.com
       patrick.hickey@moyewhite.com

Respectfully submitted,

/s/ *Scott H. Angstreich*

Scott H. Angstreich
Thomas Schultz
Samuel Martin
Clayton J. Masterman
KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Email: sangstreich@kellogghansen.com
      tschultz@kellogghansen.com
      smartin@kellogghansen.com
      cmasterman@kellogghansen.com

*Attorneys for Defendants and Counterclaim Plaintiffs AT&T Corp., New Cingular Wireless Services, Inc., AT&T Mobility, LLC, New Cingular Wireless PCS, LLC, SBC Long Distance, LLC, and Teleport Communications Group, Inc.*